**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CRYSTAL MANNING as next friend of** | § | |
| **L.D., a minor, MARIAHLEE MANSAW as** | § | |
| **next friend of P.M., a minor, MELISSA** | § | |
| **HOLLINS as next friend of D.H., a minor,** | § | |
| **as wrongful death beneficiaries of BILLIE** | § | |
| **DAVIS, deceased, and RUBY LEE DAVIS,** | § | |
| **individually and as representative of the** | § | |
| **estate of BILLIE DAVIS, deceased,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:24-cv-01573** |
| | § | |
| **HARRIS COUNTY** | § | |
| *Defendant.* | § | |

**JOINT REPORT REQUIRED BY FED. R. CIV. P. 26(f) AND JOINT**
**DISCOVERY/CASE MANAGEMENT PLAN**

---

To The Honorable Keith Ellison, U.S. District Judge:

**1.     State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The parties conferred via telephone on June 17, 2024.  Jason M. Byrd on behalf of Plaintiff.  Gregory Burnett on behalf of Defendant Harris County.

**2.     List the cases related to this one that are pending in any state or federal court with the case number and court.**

Crystal Manning as next friend of L.D., et al. v. LaSalle Corrections LLC, et al.; Civil Action no. 4.23-cv-01115, In the United States District Court Southern District of Texas Houston Division.

**3.     Briefly describe what this case is about.**

Plaintiff's Synopsis:  In February 2021, Billie Davis was arrested and incarcerated in Harris County Jail for a relatively minor charge.  Due to overcrowding, and by the control and direction of Defendant, he was transferred to LaSalle Correctional Center in La Salle Parish, Louisiana.  Harris County and LaSalle entities had an agreement reading "This Agreement is being made for the purpose of temporarily outsourcing Harris County

prisoners to other detention facilities and to thereby reduce the Harris County Jail facilities' prisoner population."

Mr. Davis was confined as a pretrial detainee and was entitled to all protections afforded to him under the 4th, 8th and 14th Amendments to the United States Constitution including the right to adequate medical care and humane conditions of confinement.  While at LaSalle Correctional Center, he received serious and life-threatening injuries from the guards beating him.  Following the beating from the guards, he was then transferred to a private cell, and neglected any sort of medical care. On March 1, 2022, Mr. Davis was found unresponsive in an administrative segregation cell.  Mr. Davis ultimately died as a result of the injuries he received at LaSalle Correctional Center.

LaSalle Correctional Center has been the subject of numerous lawsuits and investigations as the result of the culture they created.  There have been numerous deaths, beatings, and other violations at their facilities, yet no recourse has been made.  Despite known incidents of serious abuse at the facility, Defendant Harris County continued to contract with LaSalle and ship its inmates there for housing and exposure to that abuse. Plaintiff contends that Defendant had a non-delegable duty to ensure the protection of Plaintiff's constitutional rights under the 4th, 8th and 14th Amendments regardless of the fact that it had chosen to house him at a private contracted facility.

**4.      Specify the allegation of federal jurisdiction.**

Federal question jurisdiction under 42 U.S.C. § 1331 and § 1983.

**5.      Name the parties who disagree and the reasons.**

None.

**6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None.

**7.      List anticipated interventions.**

LaSalle Corrections LLC

**8.      Describe class-action issues.**

None.

**9.      State whether each party represents that it has made the initial disclosures required by Rule26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties have not made initial disclosures as of the filing of this plan.

**10.      Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

Defendant anticipate serving interrogatories and requests for production upon

Plaintiffs, serving depositions on written questions upon custodians of record, and taking the individual Plaintiffs' depositions in the event Defendant's Rule 12 motion is not granted.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiffs intend to propound written discovery in the form of interrogatories and request for production upon Defendant.

Plaintiffs anticipate discovery in Cause No. 2024-11628; *Crystal Manning as next friend of L.D., a minor, et al v. LaSalle Corrections, LLC et al;* In the 113th Judicial District Court of Harris County, Texas, a related case that may be overlapping and that discovery that takes place in that case will be relevant to the instant case.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates serving interrogatories on Plaintiffs prior to the discovery deadline in the event the Rule 12 motion is not granted.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs intend on taking depositions of relevant fact witnesses.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

Defendant plans to depose any experts plaintiff's designate, and any fact witnesses within 30 days after Plaintiff answers written discovery.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs have proposed a deadline of 3/14/25 to designate their experts.

Defendant has proposed a deadline of 4/11/25 to designate its experts.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).**

Plaintiffs have not decided what experts they intend to depose. Plaintiffs anticipate taking expert depositions by the end of the scheduling order deadline to complete discovery.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendants anticipate they will depose experts designated by Plaintiff within 30 days of the designation.

11.   **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

None.

12.   **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13.   **State the date the planned discovery can reasonably be completed.**

May 9, 2025

14.   **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Defendant does not believe that settlement discussions are merited at this time.

15.   **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Defendant does not believe that settlement discussions are merited at this time due to the pending motion to dismiss.

16.   **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Defendant believes that mediation will be reasonably suited to the case once all dispositive motions are ruled upon and discovery is complete.

17.   **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not agree to a trial before a U.S. Magistrate Judge.

18.   **State whether a jury demand has been made and if it was made on time.**

A jury demand was timely made with the filing of Plaintiff's Original Complaint.

19.   **Specify the number of hours it will take to present the evidence in this case.**

24 hours

20.   **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Defendant has a pending motion to dismiss.

21.   **List other motions pending.**

None.

22.   **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

23.  **List the names, bar numbers, addresses and telephone numbers of all counsel.**

See below.

Date: June 18, 2024.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:      */s/ Gregory Burnett*
GREGORY BURNETT
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24057785
Fed. Bar No. 3785139
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov

RACHEL FRASER
Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 24079725
Fed. Bar No. 2553428
Tel: (713) 274-5383 (direct)
rachel.fraser@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Street
Houston, Texas 77002
**ATTORNEYS FOR HARRIS COUNTY**

By:      */s/ Jason M. Byrd (by permission)*
JASON M. BYRD
SBN: 24036303

448 Orleans Street
Beaumont, Texas 77701
(409) 924-0660 (telephone)
(409) 924-0035 (facsimile)
jason@txbyrd.com

JASON C. WEBSTER
SBN: 24033318
HEIDI O. VICKNAIR
SBN: 24046557
6200 Savoy Drive, Suite 150
Houston, Texas 77036
713.581.3900 (telephone)
713.581.3907 (facsimile)
filing@wvmlaw.com
**ATTORNEYS FOR PLAINTIFFS**